**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| JENNIFER RUSH, individually and on behalf of all others similarly situated, | Case No. 4:26-cv-02580 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| HONEST PEST SERVICES LLC | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

The parties Jennifer Rush ("Plaintiff") and Honest Pest Services LLC ("Defendant") submit the following report.

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on **July 1, 2026**, via telephone. The conference was attended by Anthony I. Paronich on behalf of Plaintiff and Jonathan Slotter of Slotter Law on behalf of Defendant.

2. **Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The parties do not presently dispute jurisdiction

3. **Case Background**

This case arises from Defendant's alleged transmission of unsolicited telemarketing text messages to Plaintiff's residential cellular telephone number after that number had been listed on

the National Do-Not-Call Registry for more than thirty days. Plaintiff alleges that Defendant initiated, or caused to be initiated, multiple telemarketing text messages promoting Defendant's pest control services without Plaintiff's prior express invitation or permission.

The parties are not aware of any related cases pending in state or federal court.

The parties anticipate that certain factual issues may be narrowed through stipulation, including the ownership and use of Plaintiff's telephone number, its registration on the National Do-Not-Call Registry, the dates and number of the subject text messages, and the authenticity of the text message records.

Plaintiff brings this action as a proposed nationwide class action on behalf of persons who received more than one telemarketing call or text message promoting Defendant's goods or services within a twelve-month period after their residential or cellular telephone numbers had been registered on the National Do-Not-Call Registry for at least thirty days. Defendant is expected to oppose class certification.

Defendant denies liability and denies Plaintiff's allegations except to the extent expressly admitted in Defendant's Answer. Defendant disputes that Plaintiff is entitled to relief under the TCPA and disputes that this matter is appropriate for class treatment. Defendant further disputes, or lacks sufficient information at this stage to admit, Plaintiff's allegations concerning the ownership, use, and registration status of the telephone number at issue, the circumstances surrounding the alleged communications, and whether any alleged communications were made by Defendant or are otherwise actionable under the TCPA. Defendant anticipates that discovery may address, among other things, the source and use of the telephone number, the identity of the intended recipient, consent, any prior business relationship, the accuracy and completeness of the alleged message records, the role of any third parties, and issues bearing on class certification.

Defendant reserves all defenses asserted in its Answer, including defenses to liability, damages, willfulness, injunctive relief, vicarious liability, and class certification.

4. **Parties**

There are no unserved parties at this time.

Plaintiff may seek to add additional parties, including third-party vendors involved in telemarketing activities, depending on information learned in discovery.

No interventions are anticipated.

The parties will comply with the Court's requirement to file disclosures of interested persons.

5. **Discovery**

The parties will exchange initial disclosures pursuant to Rule 26(a) on July 15, 2026.

Plaintiff served written discovery, including interrogatories and requests for production, on July 1, 2026, and discovery is therefore already underway.

Discovery in this case will focus on Defendant's telemarketing practices, including the identity of vendors and dialing platforms, the sources of telephone numbers, the existence and documentation of consent, and Defendant's compliance policies and procedures.

The parties do not presently seek to modify the default limitations set forth in the Federal Rules of Civil Procedure but reserve the right to request additional discovery as needed, including with respect to third-party vendors and electronically stored information.

The parties will take reasonable steps to preserve all relevant information, including call logs, text message records, customer relationship management data, vendor communications, and dialing system records.

The parties do not currently identify any discovery disputes but anticipate that disputes may arise regarding third-party vendor data, call detail records, the scope of dialing system information, and the production of consent-related documentation.

6. **Orders**

The parties will submit a proposed scheduling and docket control order. The parties propose that fact discovery be completed by January, that expert reports be exchanged by February 1, 2027, and that class certification briefing be filed by March 1, 2027.

The parties anticipate submitting a proposed protective order to govern the exchange of confidential and proprietary information.

The parties anticipate that documents will be produced in PDF format, while structured data such as call logs will be produced in native format. The parties will confer further regarding any need for an ESI protocol.

7. **Settlement**

The parties discussed the possibility of early resolution. Plaintiff is amenable to participating in mediation after the exchange of discovery sufficient to evaluate the scope of Defendant's telemarketing activities and the size of the putative class.

8. **Trial.**

The parties do not consent to trial before a magistrate judge at this time.

Plaintiff has demanded a jury trial.

4

The parties estimate that trial will take approximately four days if the case proceeds on a class-wide basis and one to two days if it proceeds on an individual basis.

9. **Pending Motions**

None.

10. **Other Matters**

The parties anticipate that this case will involve third-party discovery directed to vendors, dialing platform providers, and lead generators, as well as the production and analysis of electronically stored information, including call and text message data.

Dated: July 29, 2026

PLAINTIFF, individually and
on behalf of others similarly situated,

By:

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

/s/ Jonathan L. Slotter
Jonathan L. Slotter
SBN: 24090804
jslotter@slotterlaw.com
1000 Main St., Suite 2300
Houston, Texas 77002
281-318-9498 – Telephone

Attorney for Honest Pest Services, LLC