**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **JENNIFER RUSH, individually and on behalf of all others similarly situated** | § | **Case No. 4-26-cv-02580** |
| | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HONEST PEST SERVICES, LLC** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT HONEST PEST SERVICES LLC'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORTTABLE OF CONTENTS**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .......... ii
**TABLE OF AUTHORITIES** .......... **iii**
**INTRODUCTION** .......... **1**
**I. NATURE AND STAGE OF THE PROCEEDING** .......... **2**
**II. FACTUAL ALLEGATIONS** .......... **2**
**III. ISSUE PRESENTED AND STANDARD OF REVIEW** .......... **3**
**IV. SUMMARY OF ARGUMENT** .......... **3**
**V. ARGUMENT** .......... **4**
A. Section 227(c)(5)'s enacted text excludes text messages. .......... 4
B. Congress later addressed texts expressly but left § 227(c)(5) unchanged. .......... 5
C. The on-point decisions from courts around the country support dismissal. .......... 5
D. Cases treating texts as "calls" under § 227(b) do not answer the narrower § 227(c)(5) question. .......... 7
E. Bradford supplies the Fifth Circuit's binding interpretive methodology. .......... 8
F. The sole claim and derivative class allegations should be dismissed with prejudice. .......... 10
**VI. CONCLUSION** .......... **11**

## TABLE OF AUTHORITIES

### Cases

*Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-cv-00343, 2026 U.S. Dist. LEXIS 14155 (S.D. Tex. Jan. 26, 2026) ....................9–10

*Bradford v. Sovereign Pest Control of Texas, Inc.*, 167 F.4th 809 (5th Cir. 2026)..............4, 8–10

*Camreta v. Greene*, 563 U.S. 692 (2011) ....................9

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) ....................8

*Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021) ....................8

*Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270 (N.D. Fla. 2025)....................5–6

*Duncan v. Walker*, 533 U.S. 167 (2001)....................4

*Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) ....................7

*El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00847-SDM-CPT, 2025 U.S. Dist. LEXIS 209469 (M.D. Fla. Oct. 24, 2025) ....................5–6

*Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021) ....................5, 8

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002).......3

*Howard v. Republican National Committee*, 164 F.4th 1119 (9th Cir. 2026)....................7

*In re Erickson*, 815 F.2d 1090 (7th Cir. 1987)....................9

*Irvin v. Sonic Industries Services, LLC*, No. 3:25-cv-00242, 2026 U.S. Dist. LEXIS 90262 (N.D. Ga. Apr. 20, 2026)....................6

*James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367 (M.D. Fla. 2026) ....................6, 10

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) ....................7–8

*McGonigle v. ShoppersChoice.com, L.L.C.*, No. 3:25-cv-00152, 2026 U.S. Dist. LEXIS 30157 (M.D. La. Feb. 13, 2026) ....................10

*McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)................8–9

*O'Shea v. Littleton*, 414 U.S. 488 (1974)....................10

*Owen-Brooks v. Better Homes & Gardens Real Estate, LLC*, No. 2:25-cv-15801-CCC-AME, slip op. (D.N.J. Aug. 21, 2026)....................7

*Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*, 29 F.4th 252 (5th Cir. 2022)...3

*Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-02811-TWT, 2026 U.S. Dist. LEXIS 32415 (N.D. Ga. Feb. 17, 2026)....................6

*Rotkiske v. Klemm*, 589 U.S. 8 (2019)....................5

*Rush v. SelectQuote Insurance Services, Inc.*, No. 6:26-cv-03157-MBB, 2026 U.S. Dist. LEXIS 182934 (W.D. Mo. July 30, 2026)....................1, 6–7

*Russello v. United States*, 464 U.S. 16 (1983)....................4

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009)....................7

*Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 101 F.4th 176 (2d Cir. 2024)....................8

*Steidinger v. Blackstone Medical Services, LLC*, 182 F.4th 532 (7th Cir. 2026)....................1, 4, 6–10

*Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir. 2000)....................10

*Stockdale v. Skymount Property Group, LLC*, 825 F. Supp. 3d 622 (N.D. Ohio 2026)....................6

*Trim v. Reward Zone USA LLC*, No. 22-55517, 2023 U.S. App. LEXIS 20445 (9th Cir. Aug. 8, 2023)....................8

*Wisconsin Central Ltd. v. United States*, 585 U.S. 274 (2018)....................4

**Statutes**

47 U.S.C. § 227(a)(4)....................4

47 U.S.C. § 227(b)(1)(A)(iii)....................7–8

47 U.S.C. § 227(c)(5)....................1–10

47 U.S.C. § 227(d)(1)(B)....................4

47 U.S.C. § 227(e)(8)....................5

47 U.S.C. § 227(i)(1)(A)....................5

**Rules**

Fed. R. Civ. P. 12(c)....................2–3

Fed. R. Civ. P. 12(h)(2)(B)....................3

**Regulations**

47 C.F.R. § 64.1200(c)....................2

## INTRODUCTION

This is not a case about repeated telephone calls, abusive telemarketing, or a consumer pursued after asking a caller to stop. It concerns four text messages from a small Houston start-up pest-control company that was trying to reconnect with people who had previously received pest-control services from its owner, James Wyatt. The messages addressed "Polly," a former customer, but reached Plaintiff Jennifer Rush instead. ECF No. 1 at 5–7; ECF No. 7 at 4, 7. Rush now seeks statutory and treble damages and certification of a nationwide class she alleges includes at least hundreds of people. ECF No. 1 at 7–12. She thus asks to transform four misdirected texts into potentially devastating class liability for a small business.

The private right of action Congress enacted does not support that result. That remedy authorizes suit only by a person who receives more than one "telephone call" within a twelve-month period. Rush alleges no telephone call; she alleges only text messages. Congress used "telephone call or message" elsewhere in the same subsection, later addressed calls and text messages as distinct communications, and left § 227(c)(5)'s narrower private remedy unchanged. Her sole claim therefore depends on expanding the statute beyond the language Congress enacted.

Honest Pest asks this Court to adopt the same statutory reading recently applied in a case brought by this same Plaintiff on nearly identical facts. In *Rush v. SelectQuote Insurance Services, Inc.*, No. 6:26-cv-03157-MBB, 2026 U.S. Dist. LEXIS 182934, at *4–16 (W.D. Mo. July 30, 2026), the Western District of Missouri dismissed Rush's § 227(c)(5) class action because the statute does not create a private right of action for text messages alone. A substantial line of courts around the country, including the only court of appeals to squarely decide the issue, has reached the same conclusion. *See Steidinger v. Blackstone Medical Services, LLC*, 182 F.4th 532, 534–39 (7th Cir. 2026). The statutory text and those on-point authorities support judgment on the pleadings here.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this putative nationwide class action on March 31, 2026. ECF No. 1. The Complaint asserts one cause of action under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), alleging that Honest Pest delivered, or caused to be delivered, more than one solicitation text message within a twelve-month period to telephone numbers listed on the National Do-Not-Call Registry. Id. at 7–11. Plaintiff seeks class certification, declaratory and injunctive relief, statutory damages, treble damages, attorneys' fees, costs, and interest. Id. at 12. Honest Pest answered on April 23, 2026, denying liability and asserting, among other defenses, that the communications were the result of a mistaken or wrong number and were intended for a former pest-control customer of James Wyatt. ECF No. 7 at 4, 6–7. The pleadings are closed. This motion presents the threshold legal question whether the four alleged texts can satisfy § 227(c)(5)'s requirement that Plaintiff receive more than one "telephone call."

## II. FACTUAL ALLEGATIONS

Rush alleges that, since July 25, 2025, she has been the regular and sole user of a cellular telephone number beginning with area code (417); that she uses the number as her personal residential telephone number and not for business or commercial purposes; and that the number has been registered on the National Do-Not-Call Registry since January 1, 2008. ECF No. 1 at 4, ¶¶ 14–23.

The Complaint alleges that Honest Pest sent "at least four text messages" to that number after August 25, 2025. Id. at 5. The screenshots reproduced in the Complaint depict only written messages. They address "Polly," identify the sender as "Amanda with Honest Pest Services," refer to pest-control service at 11826 Solon Springs Drive, and offer a free inspection and an initial service for $49.99. Id. at 5–6. The Complaint further alleges that the communications were intended for "Polly," someone other than and unknown to Rush; that Rush did not give prior

express consent or request promotional materials; and that she suffered an invasion of privacy, intrusion into her life, and a private nuisance. Id. at 7, ¶¶ 3, 5–7.

Rush proposes a nationwide class of persons to whom Honest Pest allegedly delivered more than one "voice message or text message" within a twelve-month period while their numbers were registered on the National Do-Not-Call Registry. Id. at 7, ¶ 9. Her sole cause of action alleges that a text message is a TCPA "call" and that Honest Pest violated § 227(c)(5) because it delivered more than one solicitation text message. Id. at 10–11, ¶¶ 26, 31. The Complaint nowhere alleges that Rush received an audible or voice telephone call. Every communication factually alleged and depicted is a text message.

## III. ISSUE PRESENTED AND STANDARD OF REVIEW

The issue is whether allegations of text messages alone state a private claim under § 227(c)(5), which authorizes suit by a person who has received "more than one telephone call within any 12-month period" in violation of regulations prescribed under § 227(c). They do not.

A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co.*, 29 F.4th 252, 256 (5th Cir. 2022). The Court accepts well-pleaded facts as true but not legal conclusions, and judgment is proper when the pleadings reveal no plausible claim. *Id.* Rule 12(h)(2)(B) expressly preserves a failure-to-state-a-claim defense for a Rule 12(c) motion. And Rule 12(c) is designed to resolve a case when the material facts are not in dispute and only questions of law remain. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

## IV. SUMMARY OF ARGUMENT

Section 227(c)(5)'s enacted text excludes text messages, and neither FCC materials nor cases construing the differently worded § 227(b) can expand that private remedy. The only court of appeals to squarely decide the question and a substantial line of district courts confronting text-only claims—including the Western District of Missouri in Rush's prior action—support

dismissal. *Bradford* supplies the Fifth Circuit's binding methodology against adding agency-created terms to the TCPA. Because the Complaint alleges no telephone call, that legal defect requires judgment for Honest Pest on the sole claim and derivative class allegations.

## V. ARGUMENT

### A. Section 227(c)(5)'s enacted text excludes text messages.

Statutory terms carry the ordinary meaning they had when Congress enacted them. *Wisconsin Central Ltd. v. United States*, 585 U.S. 274, 284 (2018). In 1991, a telephone was commonly understood as an instrument that reproduces sound at a distance, and a telephone call was the act of communicating by that sound-transmitting function. *Steidinger*, 182 F.4th at 534–35. The written messages alleged here do not reproduce sound; they convey written data. Ordinary usage reflects the same distinction: a person can text someone without calling that person.

Congress's surrounding words confirm that distinction. Section 227(a)(4) defines "telephone solicitation" as "the initiation of a telephone call or message" for a commercial purpose. 47 U.S.C. § 227(a)(4) (emphasis added). Congress therefore knew how to cover both a call and a message. But in the neighboring private-remedy provision it authorized suit only for receipt of more than one "telephone call." *Id.* § 227(c)(5). Reading "telephone call" to include every "message" would erase "or message" from § 227(a)(4) and disregard Congress's deliberate variation. Courts should give effect to every word and presume that different terms convey different meanings. *Russello v. United States*, 464 U.S. 16, 23 (1983); *Duncan v. Walker*, 533 U.S. 167, 174 (2001).

Other TCPA provisions reinforce the point. Congress required a person who uses a telephone facsimile machine to "send any message" to include identifying information. 47 U.S.C. § 227(d)(1)(B). Congress later used "a call made using a voice service" and "a text

message sent using a text messaging service" as distinct categories. Id. § 227(e)(8)(A). When Congress wanted to address messages expressly, it did so. Section 227(c)(5) does not.

**B. Congress later addressed texts expressly but left § 227(c)(5) unchanged.**

Congress has had repeated opportunities to alter § 227(c)(5). In 2018, it amended § 227(e) to distinguish a "call made using a voice service" from a "text message sent using a text messaging service" and to define "text message." 47 U.S.C. § 227(e)(8)(A), (C). In 2019, Congress again referred separately to "a call made or a text message sent." *Id.* § 227(i)(1)(A). Yet Congress left § 227(c)(5)'s "telephone call" language intact. Those side-by-side treatments confirm that calls and texts are not statutory synonyms. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 402–03 (2021) (using surrounding provisions and a later amendment to confirm the TCPA's scope).

This is not an argument that congressional silence alone creates an implied exclusion. The exclusion is already in the words Congress enacted: "telephone call," contrasted with "telephone call or message." The later amendment is confirming context. It shows that Congress knew how to name text messages, did so in the same statute, and still did not expand the private remedy. A court cannot supply the omitted words on the theory that texts serve a related regulatory purpose. *See Rotkiske v. Klemm*, 589 U.S. 8, 14 (2019) (courts may not rewrite enacted text to advance perceived policy).

**C. The on-point decisions from courts around the country support dismissal.**

The Fifth Circuit has not decided this question, and decisions elsewhere are not uniform. The Seventh Circuit is the only appellate court to have squarely construed § 227(c)(5), and it held that the provision does not authorize suit for unwanted texts. District courts within the Sixth and Eleventh Circuits have likewise dismissed complaints alleging only multiple marketing texts under § 227(c)(5). *See Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1272–75 (N.D. Fla. 2025); *El Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00847-SDM-CPT, 2025

U.S. Dist. LEXIS 209469, at *3 (M.D. Fla. Oct. 24, 2025); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-02811-TWT, 2026 U.S. Dist. LEXIS 32415 (N.D. Ga. Feb. 17, 2026); *Stockdale v. Skymount Property Group, LLC*, 825 F. Supp. 3d 622, 624–26 (N.D. Ohio 2026); *James v. Smarter Contact, Inc.*, 828 F. Supp. 3d 1367, 1371–75 (M.D. Fla. 2026); *Irvin v. Sonic Industries Services, LLC*, No. 3:25-cv-00242-LMM, 2026 U.S. Dist. LEXIS 90262, at *4 (N.D. Ga. Apr. 20, 2026).

Those courts converged on the same textual reasons applicable here. *Davis*, *Stockdale*, and *James* applied the ordinary meaning of "telephone call" and rejected the attempt to define "call" in isolation from the modifying word "telephone." *El Sayed* and *Radvansky* relied on Congress's use of "telephone call or message" and its later express treatment of texts. *Irvin* rejected the contention that broad FCC rulemaking authority could enlarge the private remedy Congress enacted. The number of messages varied; the dispositive fact did not: each plaintiff alleged texts, not telephone calls.

The consolidated complaint in *Steidinger* also referenced calls, so that case is not offered as a text-only factual analogue. The appeal, however, squarely presented and decided whether text allegations state a claim under § 227(c)(5); the plaintiffs did not preserve a calls-only theory. 182 F.4th at 533–34. The Seventh Circuit held that "§ 227(c)(5) does not permit plaintiffs to sue for the receipt of unwanted texts." *Id.* at 533. It relied on the 1991 ordinary meaning, the contrast between "telephone call" and "telephone call or message," and the textual differences between §§ 227(b) and (c)(5). *Id.* at 534–38. It also rejected reliance on FCC interpretations because the Commission had not defined "call" for § 227(c)(5), its do-not-call rule concerns the broader category of "telephone solicitations," and its construction would not bind the court in any event. *Id.* at 537–38.

Most tellingly, the Western District of Missouri applied *Steidinger* to this same plaintiff's materially identical theory. *Rush v. SelectQuote Insurance Services, Inc.*, No. 6:26-cv-03157-

MBB, 2026 U.S. Dist. LEXIS 182934, at *4–16 (W.D. Mo. July 30, 2026). There, as here, Rush asserted a sole § 227(c)(5) claim based on marketing texts and no voice call. The court dismissed the action without prejudice because the private right applies only to telephone calls, FCC materials cannot expand it, and § 227(b) cases do not control. Id. The decision is not binding here, but its application of the same statute to the same plaintiff's text-only theory is persuasive. Together with *Steidinger* and the many district-court decisions applying the same reading to the same fact pattern, it supports dismissal while the precise issue remains open in the Fifth Circuit. The Court should recognize that one post-*Steidinger* district decision has reached the contrary result. *Owen-Brooks v. Better Homes & Gardens Real Estate, LLC*, No. 2:25-cv-15801-CCC-AME, slip op. at 5–8 (D.N.J. Aug. 21, 2026), declined to follow *Steidinger* and held that § 227(c)(5) reaches texts. It relied principally on cases construing § 227(b), general statutory purpose, and district-court decisions. It did not identify a second appellate decision construing § 227(c)(5). Honest Pest respectfully submits that *Steidinger*'s provision-specific analysis better respects Congress's choice of different words in §§ 227(b) and 227(c)(5).

**D. Cases treating texts as "calls" under § 227(b) do not answer the narrower § 227(c)(5) question.**

The Complaint cites *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020), and *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), for the proposition that a text is a TCPA "call." ECF No. 1 at 10. Both cases construed § 227(b)(1)(A)(iii), not § 227(c)(5). The Ninth Circuit recently adhered to *Satterfield* after *Loper Bright* and again treated a text as a "call" under § 227(b). *Howard v. Republican National Committee*, 164 F.4th 1119, 1124–26 (9th Cir. 2026). But *Howard* did not construe the narrower phrase "telephone call" in § 227(c)(5). Section 227(b)(1)(A)(iii) regulates "any call" made with specified technology to numbers assigned to cellular, paging, and other enumerated services. Section 227(c)(5), by contrast,

creates a private action only for repeated "telephone call[s]." The broader subsection (b) cases do not erase subsection (c)(5)'s narrower language. *Steidinger*, 182 F.4th at 536–38.

Other text-message cases under § 227(b) illustrate the same interpretive discipline without deciding this case. When that subsection turns on whether a communication uses an "artificial or prerecorded voice," courts have held that written texts without audible content do not satisfy the term. *Soliman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 101 F.4th 176, 184–85 (2d Cir. 2024); *Trim v. Reward Zone USA LLC*, No. 22-55517, 2023 U.S. App. LEXIS 20445, at *8–12 (9th Cir. Aug. 8, 2023). Those decisions are analogous only; the core authorities above actually construed § 227(c)(5).

The same is true of the Fifth Circuit's statement that "robocalls and robotexts are nuisances" in *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021). *Cranor* decided Article III standing for a single text claim under § 227(b)(1)(A)(iii); it did not construe § 227(c)(5). *Id.* at 689–90. Nor did *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), decide the issue. There, the parties did not dispute that a text qualified as a call under § 227(b), *id.* at 156, and the Supreme Court later confirmed that it had assumed the point "without considering or resolving" it, *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2 (2021). None of those decisions holds that a text is a "telephone call" under § 227(c)(5).

**E. *Bradford* supplies the Fifth Circuit's binding interpretive methodology.**

The Fifth Circuit has not decided whether § 227(c)(5)'s phrase "telephone call" includes text messages. *Bradford* did not purport to decide that question; it supplies binding interpretive methodology. There, an FCC regulation required "prior express written consent" for certain telemarketing calls, while § 227(b)(1)(A) required only "prior express consent." 167 F.4th at 811–13. Applying *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), and *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the Fifth Circuit held that courts must interpret the TCPA "according to ordinary principles of statutory interpretation,

without deference to an agency's reading." *Bradford*, 167 F.4th at 812. It refused to enforce the FCC's added "written" requirement because "[t]he statute provides no basis" for it. *Id.* at 813.

So too here. Section 227(c)(5) says "telephone call," not "telephone call or text message." An FCC regulation may govern regulated conduct, but it cannot enlarge the communications for which Congress created private statutory damages. *McLaughlin* requires this Court to determine the statute's meaning itself. 606 U.S. at 152, 155. Treating a regulation's reference to "text messages" as if Congress inserted those words into § 227(c)(5) would repeat the precise addition *Bradford* rejected.

Plaintiff may rely on *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-cv-00343, 2026 U.S. Dist. LEXIS 14155 (S.D. Tex. Jan. 26, 2026), which held that texts can be "telephone calls" under § 227(c)(5). But one district judge's decision does not bind another district judge, even in the same district. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). More importantly, *Alvarez* was decided before the Fifth Circuit's February 2026 decision in *Bradford* and before the Seventh Circuit's July 2026 decision in *Steidinger*. It thus lacked both *Bradford*'s binding application of *McLaughlin* to added FCC requirements and the only appellate analysis of § 227(c)(5).

Its reasoning also fails on the statutory text. *Alvarez*, 2026 U.S. Dist. LEXIS 14155, invoked an analogy explaining that a modern haybine can remain a "mower" because it performs the defining function of cutting hay. *See In re Erickson*, 815 F.2d 1090, 1092 (7th Cir. 1987). A smartphone making a voice call likewise remains a telephone call. But a written text does not perform a telephone call's defining sound-transmitting function. The analogy proves that new technology can fall within an old term when it still performs the term's defining function; it does not permit a court to collapse two distinct forms of communication merely because one device can perform both.

Nor can the phrase "in violation of the regulations prescribed under this subsection" do the work *Alvarez* assigned it. That phrase identifies which telephone calls are actionable; it does

not eliminate the preceding requirement that the plaintiff receive more than one telephone call. *Steidinger*, 182 F.4th at 538. Likewise, § 227(b)'s reference to calls made to paging-service numbers illuminates subsection (b), not the different words Congress selected for subsection (c)(5). And *Alvarez*, 2026 U.S. Dist. LEXIS 14155, acknowledged that any congressional acquiescence in treating texts as calls concerned § 227(b), not § 227(c)(5). Extending that history to a differently worded private remedy is statutory revision, not interpretation. The Middle District of Louisiana's later adoption of *Alvarez* in *McGonigle v. ShoppersChoice.com, L.L.C.*, No. 3:25-cv-00152, 2026 U.S. Dist. LEXIS 30157, at *14–29 (M.D. La. Feb. 13, 2026), is equally nonbinding and likewise predates *Bradford* and *Steidinger*.

**F. The sole claim and derivative class allegations should be dismissed with prejudice.**

Plaintiff alleges only texts. ECF No. 1 at 5–7, 10–11. Because those allegations do not satisfy § 227(c)(5)'s threshold requirement of more than one telephone call, Plaintiff has no individual claim. Without a viable claim of her own, she cannot represent a class asserting the same theory. *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Dismissal with prejudice is appropriate because amendment would be futile. Under Fifth Circuit law, amendment is futile when the amended pleading would fail under the Rule 12(b)(6) standard. *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). Here, the defect is legal, not factual: the Complaint identifies and depicts the communications on which the sole claim rests, and every one is a written text. Repleading those same communications cannot make them "telephone calls" under § 227(c)(5). The court in *James* dismissed a materially similar text-only § 227(c)(5) complaint with prejudice for that same reason: amendment could not cure the statutory defect. 828 F. Supp. 3d at 1375. The Court should

likewise enter judgment for Honest Pest and dismiss the sole claim and corresponding class allegations with prejudice.[1]

## VI. CONCLUSION

Section 227(c)(5) creates a private action only for receipt of more than one "telephone call," and Plaintiff alleges only text messages. Honest Pest respectfully requests that the Court grant this motion, enter judgment on the pleadings in Honest Pest's favor, dismiss Plaintiff's sole claim and class allegations with prejudice, and award such other relief as the Court deems just.

Dated: September 3, 2026

Respectfully submitted,

/s/ *Jonathan L. Slotter*________
Jonathan L. Slotter
SBN: 24090804
jslotter@slotterlaw.com
1000 Main St., Suite 2300
Houston, Texas 77002
281-318-9498 – Telephone

**ATTORNEY HONEST PEST SERVICES, LLC**

[1] An order granting dismissal with prejudice has been attached to this Motion for the Court's review.

## CERTIFICATE OF SERVICE

I certify that on September 3, 2026, the foregoing was filed through the Court's CM/ECF system, which will send notice of filing to all counsel of record.

*/s/ Jonathan L. Slotter*
Jonathan L. Slotter